**In the Matter of CAMP CARSON MINES, LTD., Debtor.**

**Bankruptcy No. 82–2039.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 21, 1983.

Richard Prosser, Tampa, for general partners Robert Hobson, Lyle Laeger, Robert Lattig and Dean Rule.

Harley Riedel, Tampa, for petitioning Creditors, general partner Robert Menke.

Louis Stolba, St. Pete, for general partner Allen Peele.

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an Involuntary Chapter 11 case initiated by an Involuntary Petition filed by Robert Menke, a general partner of Camp Carson Mines, Ltd. against Camp Carson Mines, Ltd. (Camp Carson). The Petitioners filed a Motion for Summary Judgment seeking to establish that Camp Carson existed as a limited partnership and, therefore, was eligible for relief under Chapter 11. The Motion for Summary Judgment was subsequently denied and a final evidentiary hearing was scheduled for July 30, 1983. At the duly scheduled hearing, the parties agreed that there are no genuine issues of material fact and that the matters may be resolved as a matter of law.

The Court considered the record and finds the undisputed facts which are germane to the resolution of this controversy to be:

On April 14, 1981, William H. Howell executed a Power of Attorney authorizing

Robert Menke to sign, swear and file a certificate of limited partnership on behalf of Mr. Howell. Approximately two weeks later on May 4, 1981, C. Allen Peele executed a similar document which also authorized Robert Menke to sign and file a certificate of limited partnership on behalf of Mr. Peele.

On May 5, 1981, Robert Menke executed a certificate and agreement of limited partnership of Camp Carson purporting to act on his behalf and on behalf of Dean A. Rule, C. Allen Peele, Robert Hobson and Lyle Laeger as partners for Camp Carson. The Agreement was filed with the Department of State and on May 14, 1981, the Secretary of State issued a certificate of limited partnership.

Almost one year later, Lyle Laeger executed a power of attorney in favor of Robert Menke that was almost identical to those executed by Mr. Peele and Mr. Hobson.

▇ An involuntary Chapter 11 case may be commenced only against a person. 11 U.S.C. § 303(b)(1). A person is defined in § 101(30) to include partnerships, co-partners, and individuals. In the present proceeding, an involuntary case was filed by a general partner against Camp Carson as a limited partnership. The sole question to be resolved is whether or not Camp Carson is an entity, specifically a partnership and thereby eligible for relief in Chapter 11. The respondent contends that the statutory requirements were not followed and, therefore, no partnership was created.

▇ In order to form a limited partnership in Florida, two or more persons must sign and swear to a certificate. There is no statutory or case law in Florida which deals with the use of a power of attorney in the formation of a partnership. A New York court in *Micheli Contracting Corp. v. Fairwood Assoc.,* 68 App.Div.2d 460, 418 N.Y. S.2d 164 (1979), however, addressed the issue of whether or not it is permissible for one partner to sign a certificate of limited partnership on behalf of another partner.

The respondents in *Micheli, supra* contended that each person executing a certificate of limited partnership must personally sign or swear to the certificate. The Court, however, rejected the contention and concluded that the limited partnership certificate may be executed by a general partner or some other person on behalf of another partner pursuant to a power of attorney. *Micheli, supra.* The fact that the power of attorney was not filed with the certificate does not invalidate the certificate according to *Micheli, supra,* provided the existence of the power may be established by producing the instrument which created the power.

As noted earlier, only Mr. Menke signed the certificate and agreement which was filed with the Secretary of State. The certificate, however, reflects that Mr. Menke signed for each general partner as attorney in fact. It is equally without dispute that Mr. Menke had actual authority to sign on behalf of C. Allen Peele.

In light of the *Micheli, supra* decision, this Court finds that a certificate of limited partnership may be executed by a general partner or some other person on behalf of another partner. Therefore, since Mr. Menke signed for himself and for Mr. Peele, the requirement that two or more persons must sign or swear to a certificate is satisfied.

In view of the fact that the certificate was legally subscribed to by at least two persons and the fact that the respondents do not claim that the certificate is otherwise deficient, this Court is satisfied that Camp Carson Mines, Ltd. is a valid partnership. As such, Camp Carson is eligible for relief under Chapter 11.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment be, and the same hereby is, granted in favor of Robert Menke as general partner of Camp Carson Mines, Ltd., a valid partnership eligible for relief under Chapter 11. It is further

ORDERED, ADJUDGED AND DECREED that unless all of the remaining

general partners file a consent to an order for relief within 10 days, a hearing shall be set to determine whether an order for relief shall be entered against the Debtor, Camp Carson Mines, Ltd. in the involuntary Chapter 11 case.